**FILED**
**Aug 08, 2018**
**03:42 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| **KAITLIN PIERCE,** ) | **Docket No. 2017-03-1398** |
| **Employee,** ) | |
| **v.** ) | **State File No. 89239-2017** |
| **WHITE STABLES, LLC,** ) | |
| **Employer.** ) | **Judge Lisa A. Lowe** |

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS

---

This matter came before the Court on Kaitlin Pierce's Request for Expedited Hearing on August 1, 2018. The central legal issue is whether Ms. Pierce is likely to prevail at a hearing on the merits on entitlement to medical and temporary disability benefits. For the reasons below, the Court holds Ms. Pierce would likely prevail and orders White Stables to provide the requested benefits.

### History of Claim

White Stables employed Ms. Pierce on October 20, 2017, as a stable hand/trainer. She testified White Stables agreed to pay her nine dollars per hour for forty hours per week. While working on October 21, Ms. Pierce fell from a horse and injured her back, right hip, and right leg. She reported her injury to White Stables. Ms. Pierce's father took her to Sweetwater Hospital Emergency Room, where doctors diagnosed multiple leg contusions and prescribed crutches and medication. Ms. Pierce submitted the following bills into evidence: Sweetwater Hospital-$17,259.00; Sweetwater Emergency Room physician Dr. Joshua Murphy-$220.01; and Tennessee Valley Radiology-$824.00.

Ms. Pierce's pain continued, so she sought treatment at Athens Walk-In Clinic. Her leg MRI revealed a muscle tear. The clinic provider assigned restrictions of no lifting over ten pounds, no bending or stooping, and no walking or standing longer than thirty minutes. Later, Ms. Pierce sought treatment from Dr. Nathan Trentham, who ordered physical therapy and continued her restrictions. Ultimately, she started treating

1

with Dr. Jason Spangler.[1] Ms. Pierce testified Dr. Spangler assigned restrictions of no lifting over fifteen pounds. She still treats with Dr. Spangler.

Ms. Pierce stated White Stables never offered her a position within her restrictions and she was unable to work until starting a new job at Athens Co-Op on November 26, 2017. Her job at Athens Co-Op pays the same amount she made at White Stables. Ms. Pierce asked the Court to order White Stables to pay for past and ongoing medical expenses, designate Dr. Spangler as the authorized treating physician, and pay accrued temporary disability benefits from October 21 through November 25, 2017.

White Stables called no witnesses and introduced no evidence.[2] It argued that the farm/agricultural exemption applies. Additionally, White Stables argued that even if it were not exempt under the agricultural exemption, it is not liable under the Equine Activity Exemption. It argued Ms. Pierce was a "participant," which is defined as "any person, whether amateur or professional, who engages in equine activity, whether or not a fee is paid to participate in the equine activity."

## Findings of Fact and Conclusions of Law

Ms. Pierce need not prove every element of her claim by a preponderance of the evidence to receive relief at an expedited hearing. Instead, she must present sufficient evidence showing she would likely prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

### *Exemptions*

White Stables claimed exemption from providing workers' compensation benefits under the farm/agricultural and equine activities exemptions. It asked the Court to take judicial notice of an O*NET online definition of "farmworkers, farm, ranch, and aquacutural animals." The Court declines to take judicial notice of the definition, as it is subject to reasonable dispute and not generally known. *See* Tenn. R. Evid. 201(b) (2017).

---

[1] Ms. Pierce acknowledged that she did not file or introduce any of Dr. Spangler's records or bills into evidence.

[2] White Stables attempted to introduce the affidavit of Pascal White into evidence. Ms. Pierce objected, and the Court sustained the objection since White Stables did not provide the affidavit ten days before the hearing as required by Mediation and Hearing Procedures 0800-02-21-.14(b). Therefore, the Court marked the affidavit for identification only. The Court notes the affidavit stated White Stables has not had more than four employees regularly employed since January 1, 2018, but Ms. Pierce's injury occurred on October 21, 2017.

White Stables also asked the Court to take judicial notice of Tennessee Code Annotated sections 50-6-106 (D)(4) and 44-20-101-105. The Court takes judicial notice that these statutes exist. However, their existence does not alleviate White Stables' burden of establishing application to this case. White Stables failed to introduce any evidence or provide any testimony to establish applicability of either exemption.

Additionally, White Stables argued exemption from providing workers' compensation coverage because it only had four employees. The Bureau's Investigation Report, admitted into evidence without objection, contained the following excerpt from a December 1, 2017 interview with White Stables' business manager, Pascal White: "Ms. White said that Ms. Pierce was hired to do barn chores such as clean stalls, clean, feed and groom horses. *Ms. White confirmed she had at least five workers[.]* " (Emphasis added.) The Court holds that Ms. Pierce is likely to succeed at a hearing on the merits of establishing White Stables had five or more employees at the time of her injury and does not qualify for a workers' compensation exemption.

### *Injury*

To receive benefits, Ms. Pierce must show she suffered an injury "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment . . . [that] is identifiable by time and place of occurrence." An injury "arises primarily out of and in the course and scope of employment" only if the "employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" Tenn. Code Ann. § 50-6-102(14). "Except in the most obvious, simple and routine cases, the claimant in a workers' compensation action must establish by expert medical evidence the causal relationship . . . between the claimed injury (and disability) and the employment activity." *Orman v. William Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991).

Ample proof established Ms. Pierce suffered a work-related injury. Ms. Pierce provided a detailed description of the mechanism of injury and introduced medical records and bills that outlined her treatment for the injury. White Stables provided no testimony or evidence to rebut Ms. Pierce's description of the injury or the treatment she received. The Court holds she suffered an injury arising primarily out of and in the course and scope of employment.

### *Medical Benefits*

Turning to the requested relief, the Court holds that White Stables must pay for Ms. Pierce's past treatment with Sweetwater Hospital, Athens Walk-In Clinic, and Drs. Trentham and Spangler. The Court further holds that White Stables must also provide continuing reasonable, necessary treatment related to her work injury. *See* Tenn. Code Ann. § 50-6-204(a)(1)(A). The Court appoints Dr. Spangler as the authorized treating

physician. The Court finds treatment with Sweetwater Hospital, Athens Walk-In Clinic, and Drs. Trentham and Spangler appropriate because White Stables failed to provide a panel of physicians, thereby requiring Ms. Pierce to seek treatment on her own. *See Young v. Young Elec.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 24, at *18 (May 25, 2016).

*Temporary Disability Benefits*

Ms. Pierce additionally seeks temporary disability benefits. Temporary partial disability (TPD) benefits apply if she did not earn her average weekly wage due to physician-assigned restrictions from the work injury. Specifically, "[t]emporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Frye v. Vincent Printing Co.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 34, at *15-16 (Aug. 2, 2016.)

Ms. Pierce testified about the restrictions assigned as a result of her injury, and those restrictions are reflected in the medical records. She also testified she was unable to work from October 21 until starting a new job on November 26, 2017. White Stables offered no rebuttal testimony. Additionally, it did not rebut Ms. Pierce's testimony that established her average weekly wage at $360.00 and her compensation rate at $240.00. Thus, the Court concludes that Ms. White is likely to succeed at a hearing on the merits that she is entitled to five weeks of TPD benefits in the amount of $1,200.00.

*Payment of Benefits*

White Stables must provide Ms. Pierce with past and ongoing medical and TPD benefits. However, because it did not have workers' compensation insurance at the time of the accident, Tennessee Code Annotated section 50-6-802(e)(1) provides that the Bureau has *discretion* to pay limited temporary disability and medical benefits via the Uninsured Employer's Fund (UEF). The Court finds Ms. Pierce, through her testimony, medical records, and the Bureau's Investigation Report, established the following pre-requisites for UEF coverage: 1) She worked for an employer who failed to carry workers' compensation insurance; 2) She suffered an injury primarily arising in the course and scope of employment after July 1, 2015; 3) She was a Tennessee resident on the date of the injury; and, 4) She provided notice to the Bureau of the injury and the employer's failure to provide workers' compensation insurance no more than sixty days after the injury occurred. *See* Tenn. Code Ann. § 50-6-801(d)(1)-(4).

**IT IS, THEREFORE, ORDERED** as follows:

1. White Stables shall provide Ms. Pierce with ongoing medical treatment for her injuries as required by Tennessee Code Annotated section 50-6-204, and Dr. Spangler shall be the authorized treating physician.

2. White Stables shall be responsible for reasonable, necessary, and related past medical treatment, including Sweetwater Hospital-$17,259.00; Sweetwater Emergency Room physician Dr. Joshua Murphy-$220.01; and Tennessee Valley Radiology-$824.00. Medical bills shall be furnished to White Stables by Ms. Pierce or the medical providers.

3. Ms. Pierce is entitled to five weeks of TPD benefits in the amount of $1,200.00

4. Ms. Pierce is *eligible* to receive medical and temporary disability benefits from the Uninsured Employer's Fund pursuant to Tennessee Code Annotated section 50-6-801. The clerk shall forward a copy of this order to the Administrator for consideration of payment.

5. This matter is set for a Scheduling Hearing on **September 27, 2018, at 1:30 p.m. Eastern Time**. The parties must call (865) 594-0091 or (toll-free) (855) 543-5041 to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

**ENTERED August 8, 2018.**

**HON. LISA A. LOWE**
**Workers' Compensation Judge**

**APPENDIX**

**Exhibits:**
1) Affidavit of Kaitlin Pierce
2) Expedited Request for Investigation Report
3) Table of Contents of Medical Records
   o Sweetwater Hospital
   o Internal Medicine Associates
   o Athens Walk-In Clinic
   o Benchmark Physical Therapy
   o Medical Expenses
      ▪ Sweetwater Hospital
      ▪ Tennessee Valley Radiology
4) Affidavit of Pascal White *marked for identification only*

5

**Technical Record:**
1) Petition for Benefit Determination
2) Dispute Certification Notice
3) Show Cause Order
4) Request for Expedited Hearing
5) Affidavit of Kaitlin Pierce
6) Notice of Filing medical records of Dr. Nathan Trentham
7) Motion to Compel
8) Order Granting Motion to Compel
9) Notice of filing Medical Records
10) Affidavit of Pascal White
11) Emails from White Stables to Bureau employee submitting affidavit of Pascal White

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Order was sent to the following recipients by the following methods of service on August 8, 2018.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Chris Beavers, Employee's Attorney | | | X | chrisbeavers@banksandjones.com |
| John Dupree, Employer's Attorney | | | X | john.dupree@knoxtnlaw.com |
| UEF | | | X | Lashawn.pender@tn.gov |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

6